**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**DALBIR SAHDEV**,

**Plaintiff,**

**v.**

**EMPIRE COMFORT SYSTEMS, INC..
et al.,**

**Defendants.**                                    **No. 09-0959-DRH**

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

**I.  Introduction and Background**

Pending before the Court is Plaintiff's motion to remand (Docs. 26 &
27).  Defendants oppose the motion (Doc. 31).  Based on the following, the Court
grants the motion to remand.

On October 16, 2009, Dalbir Sahdev filed a three-count complaint
against Empire Comfort Systems, Inc., Brian H. Bauer, Pamela A. Bauer, Empire
Group, Inc., American Hearth Systems, Inc., Empire Properties, Inc., Hearthrite, Inc.
and Skypark Airport Parking, LLC in the Circuit Court of St. Clair County, Illinois
(Doc. 2-1).  Count I is a breach of contract claim against Empire Comfort Systems,
Inc.; Count II is a breach of guaranty claim against Brian H. Bauer and Pamela A.
Bauer; and Count III is declaratory judgment claim against all Defendants.  In a
nutshell, Sahdev's complaint alleges that his former employer Empire Comfort
Systems, Inc. broke its promise to him in a written employment contract to pay him

specified damages upon his constructive discharge from employment.[1]

The Complaint alleges that on September 13, 2007, Sahdev and Empire Comfort Systems, Inc. entered into an Employment and Executive Supplemental Income Agreement ("Agreement"), which provided for monetary and other damages in the event Sahdev was either terminated without cause or resigned due to conditions called triggering events.[2]   As to triggering events, the Agreement specifically provided that "Upon termination of this Agreement by Employee pursuant to this Section V.E., this Agreement shall terminate and Employee shall be paid the Deferred Benefit in one lump sum..."  The Agreement defined Deferred Benefit as "an amount equal to three time the average annual compensation paid to Employee pursuant to Section IV.A. above in the three (3) fiscal years immediately proceeding the date of the termination of the Employment Period."  The Agreement also contained a guaranty clause in which Brian Bauer and Pamela Bauer personally guaranteed the obligations of Empire Comfort Systems, Inc. under the Agreement.

The Complaint further alleges that, from July 2007 through the date of Sahdev's termination on February 27, 2009, a series of acts taken by Brian Bauer, Pamela Bauer, Nick Bauer, Brian and Pamela Bauer's son and Vice President of Product Development, and Joe Brueggmann, Vice President of Sales Management,

---

[1]Sahdev's complaint goes into great detail outlining the facts surrounding his constructive discharge from Empire Comfort Systems.  The majority of the facts are not necessary to the analysis of this issue and will not be restated in this Order.

[2]Triggering events included certain occurrences that reduced Sahdev's control, authority, changed the reporting responsibilities, changed the ownership structure and undermined his position and authority.

constituted triggering events under the Agreement which resulted in Sahdev's constructive discharge.  Sahdev alleges that these acts constituted a change in the number of persons reporting to Sahdev which resulted in him having reduced management control and authority and that Nick Bauer became a *de facto* member of the Executive Team which also changed his reporting responsibilities with Empire Comfort Systems, Inc. in that Sahdev was no longer reporting to the Executive Team.[3]

On November 17, 2009, Defendants removed this case to this Court pursuant to **28 U.S.C. § 1441** based on **28 U.S.C. § 1331**, federal question jurisdiction (Doc. 2).  Specifically, Defendants' notice of removal asserts federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), **29 U.S.C. § 1332(a)(1)(B)**.  Defendants claim that Sahdev's claims could have been brought pursuant to ERISA as the employment contract is a "top hat" ERISA plan and his claims do not implicate any legal duties independent of ERISA.

Thereafter on December 12, 2009, Sahdev filed his motion to remand arguing that the case should be remanded for lack of subject matter jurisdiction as he is not asserting an ERISA claim but only an ordinary state law claim for breach of contract (Docs. 26 & 27).  Defendants filed their opposition on January 18, 2010 (Doc. 31).  Based on the pleadings and the applicable case law, the Court agrees with Sahdev and grants the motion to remand.

---

[3]According to the Agreement, the Executive Team consisted of Brian H. Bauer, Pamela A. Bauer and Sahdev.

## II.  <u>Analysis</u>

Pursuant to the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district or division embracing the place where such action is pending." **28 U.S.C. § 1441(a)**.  The removal statute is construed narrowly, and doubts concerning removal are resolved in favor of remand.  ***Doe v. Allied-Signal, Inc.*, 985 F.2s 908, 911 (7th Cir. 1993)**.  The party seeking removal has the burden of establishing jurisdiction of the district court.  ***See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997)**.  "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)(citations omitted)**.  However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to **28 U.S.C. § 1447(c)**.

Defendants do not contend that Sahdev's cause of action presents diversity jurisdiction, thus, the sole issue is whether Sahdev's complaint presents a federal question removable pursuant to **28 U.S.C. § 1441(b)**.  In general, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  **28 U.S.C. § 1331**.  The defendant cannot remove a case to federal court by simply asserting a federal question in his

responsive pleading. ***Rice v. Panchal*, 65 F.3d 637, 639 (7th Cir. 1995)**.  The issues raised in the plaintiff's complaint, not those added in the defendant's response, control the litigation. ***Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486 (7th Cir. 1996)**.  For the most part a "suit arises under the law that creates the cause of action." ***Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 821 (1988)**.

In determining whether an action was properly removed to federal court, the court examines the plaintiff's complaint as it existed at the time the defendants filed their notice of removal. ***See Shannon v. Shannon*, 965 F.2d 542, 545 (7th Cir. 1992)**.  In its notice of removal, Defendants state that federal jurisdiction is present in this action because Sahdev's claims are subject to "complete preemption" by ERISA.  While, Sahdev maintains that his claims are not subject to ERISA preemption.

At the outset, it is helpful to distinguish between two types of preemption that can occur under ERISA.  A party's state law claims involving an ERISA plan may be subject to both "complete preemption" and "conflict preemption" by ERISA.  The two doctrines are often confused, but the distinction between them is crucial for purposes of removal jurisdiction.  "Complete preemption" is a doctrine of federal subject matter jurisdiction, while "conflict preemption" is a defense to state law claims. ***See Rice*, 65 F.3d at 639**.  Under complete preemption, "federal subject matter jurisdiction exists if the complaint concerns an area of law 'completely preempted' by federal law, even if the complaint does not mention a federal basis of

jurisdiction." ***Speciale v. Seybold*, 147 F.3d 612, 615 (7th Cir.), cert. denied, 525 U.S. 1017 (1998) (quoting *Jass*, 88 F.3d at 1487)**. By contrast, if a plaintiff's state law claim is only subject to the defense of conflict preemption, ERISA preemption will not serve as a basis for removal. ***Id.***

Typically, complete preemption is an issue at the outset of a case, when the Court must determine if it has jurisdiction, while conflict preemption comes into play only after jurisdiction has been established. Complete preemption is an exception to the "well-pleaded complaint" rule of federal question jurisdiction. ***See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)**. Federal question jurisdiction exists where an action "arises under" federal law. ***Id***. "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." ***Id***. Assuming a plaintiff has properly pled its case, the federal question must be apparent from the face of the complaint. ***See Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987)**. An exception to the well- pleaded complaint rule exists, however, where Congress intends federal law to control so completely in a particular subject area that all claims in that area are automatically characterized as federal in nature. ***See Metropolitan Life*, 481 U.S. at 63-64**.

In the context of ERISA, the scope of complete preemption is fairly narrow, while the scope of conflict preemption is quite broad. ***See Rice*, 65 F.3d at 645**. Complete preemption is narrow because, for the most part, it applies only to claims to recover benefits under an ERISA plan, i.e., claims that fall under ERISA **§ 502(a), 29 U.S.C. § 1132(a)**, ERISA's civil enforcement provisions. ***See Speciale*,**

**147 F.3d at 615**.  The defense of conflict preemption, on the other hand, involves ERISA **§ 514(a), 29 U.S.C. § 1144(a)**. *Id*.  For purposes of conflict preemption, ERISA preempts all state laws that "relate to" an ERISA-covered employee benefit plan.  ***New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995)**.  But again, conflict preemption is only a defense, thus for purposes of federal jurisdiction, ERISA does not preempt all state laws that "relate to" an ERISA plan.  ***See Speciale*, 147 F.3d at 615**.

Instead, when considering issues of federal jurisdiction, complete preemption requires the court to determine whether a plaintiff's state law claims can be re-characterized as claims falling under the civil enforcement provisions of ERISA **§ 502(a)**.  ***See Rice*, 65 F.3d at 642**.  The relevant portion of **§ 502(a)** provides that a participant or beneficiary of an ERISA plan may bring a civil action "to recover benefits due to him under the terms of his plan."  **29 U.S.C. § 1132(a)(1)(B)**.  Thus, the question for this Court is whether Sahdev's claims can be re-characterized as a claim to recover benefits due under the terms of an ERISA plan.

The Court must utilize the two part test set forth in ***Aetna Health, Inc. v. Davila*, 524 U.S. 200, 210 (2004)** to determine if ERISA completely preempts a state claim.  ***See Franciscan Skemp Healthcare, Inc. v. Central States Joint Brd. Health and Welfare Trust Fund*, 538 F.3d 594, 597 n.1 (7th Cir. 2008)**.  Pursuant to ***Davila*,** a state claim is completely preempted by ERISA if (a) the plaintiff could have brought a claim under ERISA based on the same claim; and (b) there is no legal duty implicated by Defendants' actions that is independent of ERISA

or the ERISA plan's terms.  ***Davila*, 542 U.S. at 210**.  However, a duty is not

"independent" in this context just because its breach also violates the state law.  ***See***

***Id.*, at 211-12; *Ingersoll-Rand v. McClendon*, 498 U.S. 133, 145 (1990)("when**

**it is clear or may be fairly assumed that activities which a State purports to**

**regulate are protected [by ERISA] due regard to the federal enactment requires**

**that the state jurisdiction must yield"); *Kariotis v. Navistar Int'l. Tranp. Corp.*,**

**131 F.3d 672, 679 (7th Cir. 1997)(ERISA preempts state law claims protecting**

**employees from wrongful discharge when the claim relates to an employee's**

**rights under an ERISA plan)**.  Nor can artful pleading avoid a federal forum by

casting an ERISA claim solely in terms of state law.  ***Tolle v. Carrol Touch, Inc.*,**

**977 F.2d 1129, 1137 (7th Cir. 1992)**.

        "The decisive inquiry in determining whether a severance plan falls

within ERISA's coverage is whether the plan requires an ongoing administrative

program to meet the employer's obligation."  ***Bowles v. Quantum Chem. Co.*, 266**

**F.3d 622, 631 (7th Cir. 2001)**.  While ERISA apples where a severance plan could

place "periodic demands on an employer's assets that create a need for financial

coordination and control," "the requirement of a one-time lump sum payment

triggered by a single event requires no administrative scheme whatsoever to meet the

employer's obligation, and ERISA does not apply."  ***Id.***  ERISA does not apply where

an administrator is "required simply to make an arithmetical computation."  ***Id.* at**

**632**.  Furthermore, the type of plan covered by ERISA "presupposes careful claims

processing."  ***Collins v. Ralston Purina Co.*, 147 F.3d 592, 596 (7th Cir. 1998)**.

Here, Sahdev's three-count complaint is based solely on state law theories: (1) breach of contract; (2) breach of guaranty and (3) declaratory judgment. Based on the circumstances of this case, the Court finds that Sahdev is not asserting an ERISA claim but rather he is asserting a state common law claim for breach of contract. Moreover, the Court finds that Sahdev's Agreement does not fall within ERISA's coverage. The Agreement is meant to compensate him for the expected loss of future salary and bonuses arising out of his involuntary termination from employment. Specifically, the lump-sum payment is intended to compensate him for the services he would have rendered in the future had Defendants not actually or constructively discharged him from his job; it was not intended to compensate him for any work or services he had performed in the past. The Agreement requires a one-time stand-alone payment of three times his average annual compensation if he is discharged from his job without cause or is forced to leave because of a triggering event. This payment, which is brought by a single event which may never happen, does not require any administrative scheme to meet Defendants' obligation. It does not require any periodic demands on the assets of Defendants and does not create any need for financial coordination and control. Rather, Sahdev, per the Agreement, is supposed to receive a predetermined amount of money to be dispersed in a mechanized fashion. Clearly, Sahdev's claims are state law claims and not preempted by ERISA.

### III.  Conclusion

Because this Court lacks subject matter jurisdiction over Sahdev's cause

of action, the Court **GRANTS** Sahdev's motion to remand (Doc. 26).  The Court

**REMANDS** this case to the St. Clair County, Illinois Circuit Court.  Further, the

Court **DENIES as moot** Defendants' motion to dismiss (Doc. 14)

**IT IS SO ORDERED.**

Signed this 8th day of February, 2010.


/s/   David R Herndon

**Chief Judge**
**United States District Court**